IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CODY H.A. HUTTON, #S11666, <br> AARON HARDWICK, #K89869, and <br> MICHAEL J. GILFORD, #K63568, <br><br> Plaintiffs, <br><br> vs. <br><br> ROB JEFFREYS, <br> SARAH BROWN-FOILES, and <br> HEATHER J. DeLASHMUTT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-2683-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* for case management. Plaintiffs Cody Hutton, Aaron Hardwick, and Michael Gilford, currently being held at the Big Muddy River Correctional Center, bring this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations resulting from being indefinitely confined as civil detainees under the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq*. (Doc. 1). Plaintiffs seek injunctive relief. (Doc. 1, pp. 23-24).

Each of the Plaintiffs has signed the Complaint. (Doc. 1, p. 24). The Court deems it necessary to address several preliminary matters before completing a merits review of the Complaint pursuant to 28 U.S.C. § 1915A.

### Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, because not every litigant is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Court must advise them of the consequences of proceeding

in this manner (including their filing fee obligations) and give them an opportunity to withdraw from the case or sever their claims into individual actions. *See Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).

Federal Rule of Civil Procedure 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854. Additionally, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually. *Id.*

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and

the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and the aforementioned factors in determining whether to assume the risks of group litigation.

In keeping with *Boriboune*, the Court offers each Plaintiff an opportunity to withdraw from this group litigation before the case progresses further. Each Plaintiff should consider the following in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- If, at the time of filing, Plaintiff was a "prisoner" pursuant to 28 U.S.C. § 1915(h), he will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.[1]

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[2]

Should Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff. A non-attorney cannot file or sign papers for another litigant. Thus, as long as Plaintiffs

---

[1] Civilly committed sex offenders in Illinois under the SDPA are "prisoners" subject to the Prison Litigation Reform Act ("PLRA"). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).
[2] The filing fee for a civil case has increased to $402.00, by the addition of a $52.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the $52.00 fee and must pay a total fee of $350.00.

appear without counsel in this case, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Plaintiffs are **WARNED** that group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## Disposition

Each named Plaintiff is **ORDERED** to advise the Court in writing on or before **February 22, 2023**, whether he wishes to continue as a Plaintiff in this group action. If any Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing on or before **February 22, 2023** and his claims will be severed into a new action. Any amount of the filing fee already collected by such Plaintiff for this case will be applied toward the severed case; he will be charged only one filing fee. **Any Plaintiff who does not respond to this Order on or before February 22, 2023 *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

Plaintiffs are **ADVISED** that the Complaint is currently pending preliminary review by the Court pursuant to 28 U.S.C. § 1915A and has not yet been served on the Defendants. The above-ordered actions by Plaintiffs are required before the Court can complete its preliminary review. When this review is completed, a copy of the Court's screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order

will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to send a copy of this Order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED: January 23, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
