IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON HARDWICK, #K89869, and<br>MICHAEL J. GILFORD, #K63568 | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No. 22-cv-2683-SMY |
| vs. | )<br>) |
| LATOYA HUGHES[1], Acting Director of<br>Illinois Department of Corrections, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Aaron Hardwick and Michael Gilford are former inmates of the Illinois Department of Corrections ("IDOC"). They filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations resulting from being indefinitely confined as civil detainees under the Illinois Sexually Dangerous Persons Act ("SDPA"). Now pending before the Court is Defendants' motion for summary judgment (Doc. 51). Plaintiffs did not file a response. For the following reasons, the motion is **GRANTED**.

## Factual Background

The following material facts are undisputed unless otherwise noted: Plaintiffs Aaron Hardwick and Michael Gilford were confined at Big Muddy as civilly committed sexually dangerous persons (Doc. 1, p. 2). On November 16, 2022, they initiated this action for alleged violations of their constitutional rights under the Eighth and Fourteenth Amendments, and the American with Disabilities Act (*Id.*). Specifically, they claim the Illinois SDPA in unconstitutional

---

[1] Pursuant to Federal Rule Civil Procedure 25(d), Latoya Hughes is substituted for Defendant Rob Jeffreys.

due to understaffing and insufficient funding, resulting non-individualized treatment plans (Doc. 51-3, pp. 36–37).  Additionally, they contend the extremely limited therapy sessions and lack of educational materials, coupled with unclear criteria for release, all contribute to their indefinite confinement (*Id*., pp. 29–33, 39).  They seek injunctive relief only (Doc. 1).  In August 2024, Hardwick and Gilford were conditionally released from Big Muddy into the community (Doc. 51-1; Doc. 51-3, pp. 8–9).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Plaintiffs were released from Big Muddy in August 2024.  As such, their request for injunctive relief regarding their treatment while confined is moot unless they demonstrate a realistic possibility that they will again be incarcerated in the same state facility and therefore be subject to the same conditions they complain of herein.  *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).  Plaintiffs did not respond to Defendants' motion and have not otherwise demonstrated a realistic possibility that

they will again be subjected to the conditions alleged in this lawsuit. Therefore, summary judgment is warranted.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: February 19, 2025**

**STACI M. YANDLE**
**United States District Judge**